IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

MIKATO LEWIS FULKS                                                     PLAINTIFF

        v.                         Civil No. 4:07-cv-04010

STEVE OTWELL, Sheriff of
Nevada County, Arkansas, in
his individual and official capacities                                  DEFENDANT

## **MEMORANDUM OPINION**

Plaintiff, Mikato Lewis Fulks (hereinafter "Plaintiff" or "Fulks"), filed this action pursuant to 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis*. Fulks contends his constitutional rights were violated while he was incarcerated at the Nevada County Detention Facility in Prescott, Arkansas. Specifically, he contends his rights were violated in the following ways: by the conditions to which he was subjected while confined there; when he was denied adequate medical care; and when he was denied a visit with clergy.

Defendant filed a motion for summary judgment (Doc. 10). To assist Fulks in responding to the motion for summary judgment, I propounded a questionnaire (Doc. 14). Fulks filed a timely response to the questionnaire (Doc. 15). Pursuant to the consent of the parties (Doc. 9), the motion is now before me for decision.

### **I. Background**

Fulks was booked into the Nevada County Detention Facility (NCDF) on September 12, 2006, at 10:30 a.m. after being arrested at the courthouse on felony charges. *Response* (Doc. 15)(hereinafter *Resp.*) at ¶ 1. He was released on his own recognizance on September 13, 2006, at 4:30 p.m. *Id.* at ¶ 2. He was only at the NCDF approximately 30 hours and part of that time he was being booked in and released. *Id.* at ¶ 3.

When Fulks was booked in, he signed a form acknowledging he was provided with a blanket, hygiene kit, mattress, shower shoes, towel, and uniform. *Resp.* at ¶ 4. While he signed the sheet indicating he received everything, Fulks states he only received a mattress, a little towel, uniform pants, no shirt, no shower shoes, a bar of soap, and a blanket with holes in it. *Id.*

Fulks maintains he asked for a request form to see the doctor but did not receive one. *Resp.* at ¶ 5. Fulks indicates he had gotten a cold while in the jail. *Id.* at ¶ 5 & ¶ 12. Instead, of being given a request form, he states he was provided with some other inmate's Nyquil to try to stop his cough. *Id.* at ¶ 5. Fulks states he was sick for three days. *Id.*

With respect to the hygiene kit, Fulks states he only received a bar of soap. *Resp.* at ¶ 6. He indicates he did not receive toothpaste or a toothbrush and no shower shoes. *Id.* He states that he did have access to basic hygiene items such as soap and water. *Id.* at ¶ 11. He also states he could have worn his regular clothes but "they didn't care." *Resp.* at ¶ 6. He asserts the blanket had holes in it and the jail had no "T.B. lights."

At 8:00 a.m. on September 13th, Fulks was offered and did not take yard call. *Resp.* at ¶ 7. Fulks maintains he could not exercise in his cell or the day-room. *Id.* at ¶ 10. He states the jail was too little to try to move around in. *Id.* He indicates there were several inmates in his cell and the only thing you could do was lay down. *Id.*

The cell he was assigned to was about six feet long with a toilet and a sink. *Resp.* at ¶ 17. There were about four people assigned to the cell. *Id.* According to Fulks, the jail was old. *Id.* The shower had "all kind of slipper[y] stuff on it." *Id.* In Fulks' opinion, the jail was too small to live in. *Id.*

Fulks had a mattress or bunk to sleep on. *Resp.* at ¶ 14. He had jail pants. *Id.* at ¶ 15. Everything else he wore was what he had on when he went to jail. *Id.* He received meals sufficient to maintain his health. *Id.* at ¶ 16.

According to Defendant's records, at 10:35 a.m. Fulks requested and received another towel. *Defendants' Exhibit* D. Fulks indicates he is without knowledge to agree or disagree with this. *Resp.* at ¶ 8.

With respect to Fulks' allegation that he was denied access to clergy, he was asked the following:

> Please state how you believe you were denied clergy. In explaining, please state: (a) whether your request was oral or written; (b) who the request was made to; (c) what time the request was made; (d) whether inmates at the NCDF were required to make requests for clergy visits in writing; and (e) whether you saw or spoke to Sheriff Otwell regarding your request for a clergy visit.

*Resp.* at ¶ 9. Fulks responded as follows: "I ask the officers to see the doctor, but I never got to see the doctor. I also didn't get the officer name." *Id.*

Fulks never saw Sheriff Otwell during his incarceration on September 12th and 13th. *Resp.* at ¶ 13. If Fulks did not see Sheriff Otwell, he was asked to explain how he believed Sheriff Otwell was liable for the alleged violations of his constitutional rights. *Id.* Fulks did not respond. *Id.*

## II. Summary Judgment Standard

Summary judgment is appropriate if, after viewing the facts and all reasonable inferences in the light most favorable to the nonmoving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986), the record "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "Once a party moving for summary judgment has made a sufficient showing, the burden rests with the non-moving party to set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists." *National Bank of Commerce v. Dow Chemical Co.,* 165 F.3d 602, 607 (8th Cir. 1999).

The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. "They must show there is sufficient evidence to support a jury verdict in their favor." *National Bank*, 165 F.3d at 607 (*citing Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)). "A case founded on speculation or suspicion is insufficient to survive a motion for summary judgment." *Id.* (*citing Metge v. Baehler*, 762 F.2d 621, 625 (8th Cir. 1985)).

### III. Discussion

Defendant has now moved for summary judgment. Defendant denies that Fulks' constitutional rights were violated in anyway while he was incarcerated at the NCDF. Furthermore, Defendant denies that he engaged in any conduct that resulted in a violation of Fulks' constitutional rights. Finally, Defendant contends Fulks cannot prove that a custom or policy of Nevada County resulted in a violation of his constitutional rights.

Fulks maintains the NCDF was the worse jail he has ever been in. He asserts that he did not receive proper hygiene supplies, there were no T.B. lights, the blanket he received was full of holes, and the shower had "all kind of slipper[y] stuff on it." In his words the jail was too little and simply unfit. Furthermore, he states his request for a doctor was ignored.

#### A. *Conditions of Confinement*

"[W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being." *County of Sacramento v. Lewis*, 523 U.S. 833, 118 S. Ct. 1708, 1719, 140 L. Ed. 2d 1043 (1998)(citation omitted). The Constitution does not mandate comfortable prisons, but

neither does it permit inhumane ones. *See Farmer v. Brennan*, 511 U.S. 825, 832, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994).

The Eighth Amendment to the United States Constitution prohibits the imposition of cruel and unusual punishment. U.S. Const. amend. VIII. *See also Butler v. Fletcher*, 465 F.3d 340, 345 (8th Cir. 2006)(deliberate indifference standard of the Eighth Amendment applies to claims brought by pretrial detainees that prison officials failed to provide adequate food, clothing, shelter, etc.). The Cruel and Unusual Punishment Clause of the Eighth Amendment forbids conditions that involve the "wanton and unnecessary infliction of pain," or are "grossly disproportionate to the severity of the crime." *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S. Ct. 2392, 69 L. Ed. 2d 59 (1981).

A prisoner alleging an Eighth Amendment violation must prove both an objective and subjective element. *See Revels v. Vincenz*, 382 F.3d 870, 875 (8th Cir. 2004)(*citing Wilson v. Seiter*, 501 U.S. 294, 298, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991)). "The defendant's conduct must objectively rise to the level of a constitutional violation by depriving the plaintiff of the minimal civilized measure of life's necessities. The defendants' conduct must also reflect a subjective state of mind evincing deliberate indifference to the health or safety of the prisoner" *Revels*, 382 F.3d at 875 (citations and internal quotation marks omitted). Deliberate indifference is established when the plaintiff shows "the defendant was substantially aware of but disregarded an excessive risk to inmate health or safety." *Revels,* 382 F.3d at 875. The standards against which a court measures prison conditions are "the evolving standards of decency that mark the progress of a maturing society." *Estelle v. Gamble*, 429 U.S. 97, 102, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976).

Keeping these principles in mind, I turn to an examination of the conditions of confinement alleged to exist in this case. Here, Fulks was incarcerated at the NCDF for about thirty hours. He

had a mattress, a blanket, clothing, a towel, soap, access to water, was offered yard call, and received sufficient meals to maintain his health.

In *Whitnack v. Douglas County*, 16 F.3d 954, 957 (8th Cir. 1994), the court noted that "[c]onditions of confinement . . . constitute cruel and unusual punishment 'only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise. Nothing so amorphous as "overall conditions" can rise to the level of cruel and unusual punishment when no specific deprivation of a single human need exists.'" *Whitnack,* 16 F.3d at 957 (*quoting Wilson v. Seiter*, 501 U.S. 294, 111 S. Ct. 2321, 2327, 115 L. Ed. 2d 271 (1991)). Fulks' claim therefore fails as a matter of law because he has not identified a single identifiable human need that he was deprived of.

### B. Denial of Adequate Medical Care

The Eighth Circuit analyzes both a pretrial detainee's and a convicted inmate's claim of inadequate medical care under the deliberate indifference standard. *See Butler v. Fletcher*, 465 F.3d 340, 344 (8th Cir. 2006). To prevail on an Eighth Amendment claim, Fulks must prove that the Defendant acted with deliberate indifference to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976). The deliberate indifference standard includes "both an objective and a subjective component: 'The [plaintiff] must demonstrate (1) that [he] suffered [from] objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs.'" *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000)(*quoting Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir.1997)). Additionally, "'[t]he prisoner must show more than negligence, more even than gross negligence, and mere disagreement

with treatment decisions does not rise to the level of a constitutional violation.'" *Jolly*, 205 F.3d at 1096 (*quoting Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir.1995)).

A serious medical need is one diagnosed as requiring treatment, or one so obvious that even a lay person would recognize necessity for doctor's attention. *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995). In this case, Fulks contends he caught a cold. First, I do not believe a common cold constitutes a serious medical need. *See e.g., Reed v. McBride*, 178 F.3d 849, 853 (7th Cir. 1999)(finding that although serious medical need formulation was far from self-defining, it applied because ailments were "certainly more than mere sniffles or the common cold"); *Schwartz v. Jones*, 2000 WL 1859012 (E.D. La. Dec. 18, 2000)(head cold and flu like symptoms are not serious medical needs).

Second, even if I assume that the cold constituted a serious medical need, there is no evidence of deliberate indifference on the part of the Defendant. "For a claim of deliberate indifference, the prisoner must show more than negligence, more even that gross negligence, and mere disagreement with treatment decisions does not give rise to the level of a constitutional violation. Deliberate indifference is akin to criminal recklessness, which demands more than negligent misconduct." *Popoalii v. Correctional Medical Services*, 512 F.3d 488, 499 (8th Cir. 2008)(internal quotation marks and citations omitted).

Certainly, there is no evidence of deliberate indifference on Sheriff Otwell's part. He cannot be held liable on the basis of *respondeat superior*. *See Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978)(*respondeat superior* liability not permissible under § 1983). Fulks has made no showing Defendant was at the facility or aware of Fulks request for medical care. Fulks was provided with over-the-counter medication. There is no

evidence of a custom or policy of Nevada County which was the moving force behind any alleged constitutional violation. *See e.g., Bd. of the County Comm'rs v. Brown*, 520 U.S. 397, 403, 117 S. Ct. 1382, 137 L. Ed. 2d 626 (1997)(Plaintiff must identify a government policy or custom that caused the plaintiff's injury to recover from a government entity under § 1983).

### C. Denial of a Visit with Clergy

In his complaint, Fulks alleged he requested and was denied a visit with clergy. However, when he was asked to respond to Defendant's motion for summary judgment on this claim, Fulks did not respond. *Resp.* at ¶ 9. Instead, he merely stated he asked for a doctor. *Id.* Defendant is therefore entitled to judgment as a matter of law on this claim.

### IV. Conclusion

For the reasons stated, I find Defendant's motion for summary judgment (Doc. 10) should be granted. A separate judgement in accordance with this opinion will be entered.

DATED this 30th day of July 2008.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE